**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. CR-24-353-R |
| | ) | |
| DAYNA WALLS, | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is Defendant's pro se letter [Doc. No. 45] which appears to be requesting that she be transferred to home confinement. Defendant is advised that a party applying to the court for an order must generally submit a motion that includes the grounds on which it is based and the relief sought. Fed. R. Crim. P. 47. Additionally, because the Bureau of Prisons retains primary authority over a federal prisoner's place of confinement, this Court generally lacks jurisdiction to consider a request to designate a specific place of imprisonment. *See United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010). To the extent Defendant is seeking a compassionate release, she must do so via a properly supported motion. The Clerk of Court is directed to send Defendant the necessary form to submit such a motion. Accordingly, to the extent defendant's letter seeks any relief, it is denied.

IT IS SO ORDERED this 5th day of June, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE